■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE W., Appellant.—Judgment, Supreme Court, New York County, rendered May 20, 1974, adjudicating defendant a youthful offender and sentencing him to reformatory term after jury verdict convicting defendant of underlying offenses of attempted robbery and possession of a weapon, is unanimously affirmed. In our view, the improper conduct to which we refer below did not raise a "significant probability" that the jury would have acquitted the defendant had it not been for these improprieties. (People v Crimmins, 36 NY2d 230, 242.) However, we must agree with the Trial Justice's statement as to the two attorneys that they had allowed their enthusiasm to outrun their good sense and, that both of them in their summations had "made statements that were obviously improper and ones that I'm sure, with any reflection, you would not have made. It seems to me that it would be appropriate in the future, both of you, to attempt to somehow curb your enthusiasm, at least to the extent of not making exaggerated statements that are clearly improper and out of place in the courtroom." It is particularly the duty of the District Attorney to present the case fairly and in a manner befitting his status as a representative of the People and to resist the temptation to respond in kind to improper statements by defense counsel. In particular, the reference in the District Attorney's summation to the failure to produce the second little girl witness was susceptible of improper suggestion of possible danger to her. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.